KENNEDY, Judge (dissenting). {41} I wholeheartedly agree with the majority that Hicks is entitled to recover from Eller. Eller was invited to Hicks’ house as an expert on art appraisal without which he would have had neither the opportunity to see the paintings he knew possessed qualities and value which Hicks did not know about and, second, to make an offer on them. Hicks asked him: “Is that a fair price?” Eller refused to answer her question. The majority may correctly be puzzled by this being called a “bait and switch,” but I might suggest the more proper term for Hicks to have used would have been “a wolf in sheep’s clothing.” Eller’s defense of “I was no longer there as an appraiser” may excuse him under the UPA, but it is still morally and ethically repugnant, existing beyond the permissible fringe of honest dealing. As noted above, but for his advertising and expertise, he would not have been there at all. Had our courts not already taken a position that the UPA only inures to the benefit of a buyer, I could urge that the UPA’s language was broad enough to encompass a purchasing professional like Eller’s participation in such a lie to take unfair advantage of a superior position in any transaction involving a sale of goods. Stare decisis compels my concurrence with the majority as to the UPA claim. {42} I write separately though, to adopt the “minority” view cited by the Opinion as to the negligent misrepresentation claim. I was persuaded by these cases that the analysis of negligent misrepresentation requires two components, only one of which — the negligence of the representation — involves negligence. The other element of justified reliance on the misrepresentation by the misrepresentation’s recipient is an element requiring an assessment not of negligence in reliance, but justification. The “minority” view holds that to compare negligence in reliance negates the requirement of “justified” reliance entirely, a point with which I agree. Justification is therefore not to be graded on a sliding scale or “the curve.” A recipient of a misrepresentation, to my mind, is either “justified” in her reliance or is not. In this case, being aware of Eller’s purported expertise and professional standing as an appraiser, Hicks was entirely justified in relying on his misrepresentation. I would have denied the comparative negligence instruction and regarded its presentation to the jury as error. As a result, I believe Hicks was entitled to everything she lost to Eller, unreduced by the erroneous concept of comparative fault. And, for this reason, I respectfully dissent. RODERICK T. KENNEDY, Judge